UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:20cv81752

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,

vs.

ATLANTIC BIOTECH, LLC,
GORAN S. JANDJEL,
BRENDA S. JANDJEL,
PATRICIA MCCORMICK,
JAMES J. MCCORMICK,
INDIVIDUALY AND AS TRUSTEE OF
THE JAMES J. MCCORMICK TRUST,

    Defendants.
_____/

# COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332

2. Defendants Goran Jamdjel and James McCormick, individually and trustee of The James McCormick Trust [Debtor(s)] are individuals domiciled in and citizens of Florida as are the other individual Defendants per 28 U.S.C. § 1332.

3. Defendant Atlantic [Business] is a limited liability company, whose members are the Debtors and Patricia McCormick, citizens of Florida per 28 U.S.C. §1332

4. Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967), ***Cohen v. Office***, 204 F.3d 10717 (11th Cir. 2000), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977), ***Ryan v. State Farm***, 934 F.2d 276 (11th Cir. 1991), ***Holley v. Credit***, 821 F.2d 1531 (11th Cir. 1987)

IOU's relief is valued in excess of $76,000.00. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. ***Exxon v. Allapattah***, 545 U.S. 546 (2005).

    5.    Per Fla. Stat. § 48.193 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who reside in and conduct business in Florida.

    6.    Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here, the property at issue is located here, Defendants consented to and reside here and conduct business here.

    7.    On 6/7/19, Debtor(s) submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] purportedly for Business, but for all Defendants, with ownership or other interests in Business, who knew of, benefitted, consented and ratified the Loan, such as satisfying their debts, following several prior loan applications by Debtor(s) on their behalf.

    8.    On 6/12/19,[Closing Date] Debtor(s) executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $300,00.00, at IOU's Georgia office website, in exchange for its Funds, with a loan guaranty fee, confirming all information, consenting to Georgia law and personal jurisdiction, of which all Defendants benefitted, consented and ratified.

    9.    The Note is in default if (i) any amount due pursuant to the Note is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of the Note (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days (iii) Business ceases to exist or (iv) obtains another loan during the term of the Loan without IOU's prior written permission. [Note ¶ 6]

10. The Note includes a Security Agreement, by which Debtor(s) and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections. [Note ¶ 21]

11. On the Closing Date, Debtor(s) electronically executed Guaranty(s) at IOU's Georgia office website, guaranteeing the Note and Security Agreement, who received and personally benefitted from the Funds and again agreed to Georgia jurisdiction and law in the Guaranty(s) of which Defendants knew, consented, benefitted and ratified as co-guarantors.

12. Per the Guaranty, Debtor(s) granted and/or intended to grant the same security interest in their property, proceeds and assets as Business to guaranty the Note/Security

Agreement, of which Defendants consented, benefitted and ratified.

13.     The Guaranty(s) provide for their enforcement against Debtor(s) if Business defaults on its obligations under the Note and Debtor(s) fails to satisfy its obligations, which are unconditional, enforceable against Debtor(s) successors and assigns, to which Defendants consented, benefitted and ratified. [Guaranty ¶1-3]

14.     On the Closing Date, Debtor(s) executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU's Georgia office, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

15.     On the Closing Date, Debtor(s) approved disbursement of the Funds, by IOU, of which Defendants consented, benefitted and ratified.

16.     On the Closing Date, Defendants received the Funds by wire from IOU's account into their account, of which they consented, benefitted and ratified.

17.     IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, to be repaid and would not have otherwise advanced them per the Guaranty, Note and Agreements.  [Instruments]

18.     Defendants breached the Instruments just immediately after receipt of the Funds of which they knew, who never complied with them thereafter, which they ratified.

19.     Debtor(s) and Business did not intend to repay the Funds, which they did not disclose to IOU, who acted for each other and the other Defendants as to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

20.     Debtor(s) and Business were unable or unwilling to repay the Loan, before its origination, which they knew, benefitted, consented and ratified.

21. Defendants are jointly and severally liable for the Loan/Instruments, by fulfillment of at least one of the below events; who namely:

(a) Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c) Owned, operated/conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan, as well as other debts, using it as a conduit/instrumentality for personal affairs like obtaining the Fund/evading the Loan, share/co-mingle assets, finances, ownership, and offices.

(d) Business lacks an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e) Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU.

22. IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including but not limited to the following ones:

(a) 11601 Island Lakes Ln, Boca Raton, FL 33498, Parcel Id. 00414714060000530, titled to the Jandjels per a Deed recorded at Palm Beach Book 21867, Page 0251, specifically mentioned in Defendant Jandjel's Guaranty.

(b) 22721 Wilderness Way, Boca Raton FL 33428, Parcel Id 00414726040050020, titled to the Trust per a deed from McCormick recorded at Palm Beach Book 30238, Page 01619.

(c)     22465 Tiki Drive, Boca Raton, FL 33428 Parcel Id 00414727090000040, titled to Defendant McCormick, per a deed to recorded at Palm Beach O.R. Book 11231, Page 489, specifically mentioned in his Guaranty.

(d)     Any UUC-1 by IOU on the Loan, to which all other property, assets, proceeds and interests of the Defendants are subject.

(e)     Any property, proceeds and assets secured by other loans of Defendants, which IOU satisfied, into which IOU is subrogated of which they consented, benefited and ratified, such as IOU Loan No. 103442, satisfied by this Loan.

(f)     Any Funds used to benefit any Defendant, also subject to the Loan.

(g)     Any property, assets and proceeds of any Defendant.

23.     Defendants did or conspired to make false, misleading representations or material omissions to IOU, through Debtor(s)/Business, who negligently, knowingly misrepresented or failed to disclose to IOU (a) they fraudulently procured the Loan, inducing IOU to provide the Funds per the Instruments, which they did not intend to or could not perform per their undisclosed purposes and substantial liabilities (b) concealed their involvement in the Loan (c) misrepresented the use of the Funds for purposes other than the Loan, such as other business and properties for which the Funds were actually used, (d) secured on their property assets and proceeds including the Properties, which they are estopped from disputing, including any alleged homestead exemption, (e) intended to defraud, delay or hinder enforcement of the Loan such as lying to IOU

24.     IOU justifiably and reasonably relied on the misrepresentations or omissions of Defendants as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result.

25. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

26. Defendants breached the Instruments, did not satisfy the Claims, violated their terms, now in default; IOU accelerated the Loan balance.

27. Defendants induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which they benefitted, consented and ratified.

28. IOU provided the Funds to Defendants and/or their agents, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

29. Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

30. Defendants are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

31. Defendants are liable for each other's acts and omissions as partners, servants, agents, successors, by command, in prosecution of, within their relationship, by which they jointly benefitted and/or ratified.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## **COUNT I: DECLARATORY, EQUITABLE AND<br>RELATED RELIEF AS TO ALL DEFENDANTS**

33.     ¶ 7-32 are incorporated.

34.     Defendants are jointly liable for the Funds, whose property, assets and proceeds, such are subject to the Instruments, procured by them, who seek to wrongfully evade the Loan.

35.     The inequitable or fraudulent misconduct of Defendants requires inclusion of them, their property, assets and proceeds from the Instruments, who induced IOU to make the Loan, to which they are subject.

36.     The misconduct of Defendants permits them to wrongfully retain the Funds at IOU's expense, with their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

37.     The Instruments are intended to bind all recipients and beneficiaries of the Funds, the Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, such as receiving and retaining the Funds.

38.     The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants, reasonably identified and described as collateral, of which they knew, consented, benefitted and ratified, for which equitable relief will not prejudice them.

39.     Per 28 U.S.C. § 2201 and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants jointly for the Loan, a security interest in their property, assets and proceeds, subrogated into the Prior Loan[s], grant all just relief.

40.     Alternatively, per § Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as to Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief.

## COUNT II: BREACH OF INSTRUMENTS AND
## RELATED RELIEF AS TO ALL DEFENDANTS

41. ¶ 7-32 are incorporated.

42. Defendants knew of, consented to, benefitted from and ratified the Instruments, accepting the Funds, for which they are liable as co-guarantors.

43. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for IOU's fees/costs, unless all principal, interest and charges due per them are paid in 10 days after service of this Complaint.

46. Per applicable law, IOU demands judgment as to Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and all just relief.

## COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO
## CREDITOR AND RELATED RELIEF AS TO DEFENDANTS

47. ¶ 7-32 are incorporated.

48. Business is presumed insolvent, per its default on the Loan and other debts as they came due, lacks assets with short term liquidity, its assets are less than its liabilities, or lacks capital to support its operations, as Debtor(s) claimed to IOU when they defaulted on the Loan.

49. Debtor(s) rendered Business insolvent, incurring debt which it could not repay, such as incurring other debt and otherwise mismanaging its property, assets and proceeds.

50. Debtor (s) owed fiduciary duties to creditors of the Business, such as IOU, as its managers/owners/officers, to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, at least after its insolvency, which they were not convert or give away, precluding collection of IOU's debt, to benefit themselves at IOU's expense.

51. Debtor(s) breached their fiduciary duties to IOU by misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit their interests, dishonestly, in bad faith by (a) paying themselves from them (b) using them for personal use such as their other businesses, leaving Business incapable of satisfying debts such as the Loan.

52. Debtor(s) misconduct wrongfully precluded satisfaction of the Loan by Business, whose misuse of its property, assets and proceeds impaired IOU's Security Agreement in them.

53 The other Defendants aided and abetted Debtor(s) breach of fiduciary duty, and related misconduct by theirs, knowingly participating in their fraud and misuse of the property, assets and proceeds of Business for their benefit, which they ratified and are liable.

54. The misconduct of Defendants was intentional, grossly negligent, wanting in care, with knowledge IOU would be harmed, in which they participated, consented and ratified.

55. Per O.C.G.A. § Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as to Defendants for their torts, compensatory, consequential, special, nominal, punitive damages exceeding $76,000 and all just relief including its equitable remedies.

### COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO DEFENDANTS

56. ¶ 7-32 are incorporated.

57. Defendants induced and/or encouraged IOU to confer the Funds upon her through Business, of which they knew, benefitted, consented and ratified.

58. IOU provided the Funds to Defendants, expecting their repayment, which they knew, benefitted, consented and ratified.

59. Defendants knew of and accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense.

60. Defendants are indebted to IOU for the Funds, interest and costs.

61. IOU demands judgment as to Defendants for the unpaid Funds, costs and just relief such as its equitable remedies.

### COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO DEFENDANTS

62. ¶ 7-32 and ¶ 50-54 are incorporated.

63. Defendants inequitably/fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

64. Defendants knew of, accepted and retained the Funds as a secured debt, who wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

65. An equitable lien or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, particularly per their breach of fiduciary duty.

66. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien /mortgage on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant just relief.

## COUNT VI: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

67. ¶ 7-32 and ¶ 50-54 are incorporated.

68. The property, assets and proceeds of all recipients of the Funds, Defendants, were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

69. Defendants inequitably/fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

70. Defendants knew of, accepted and retained the Funds but are unjustly enriched at IOU's expense by wrongfully retaining their property, assets and proceeds, absent IOU's interest(s) in them, which has no adequate remedy.

71. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, particularly due to their breaches of fiduciary duty.

72. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose a constructive on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant just relief.

73. Debtor(s) are not minor(s), not adjudged incompetent; not in the military for the last 30 days, not subject to protection per 50 U.S.C. §3901.

Respectfully submitted this 21st day of September 2020.

By: */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 147246