UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:20cv81752-RAR

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,
vs.

ATLANTIC BIOTECH, LLC et al,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [D.E. 29]

Plaintiff responds to the Order [D.E. 29] incorporating its Complaint [D.E.1] and the other documents cited including its Report and Order [D.E. 30].

## STATEMENT OF FACTS

1. In June 2019, Defendants Goran Jandjel and James McCormick applied for and received a $300,000.00 loan, purportedly for Atlantic Biotech, evidenced by the Note and Guarantees at issue, but allegedly for themselves and their respective spouses, also Defendants, as secured by their real and personal property [DE 1 ¶ 7-31].

2. This loan is a refinance of two prior IOU loans, for similar amounts [DE 1 ¶ 22].

3. In August 2019, the Defendants defaulted on the loan and never resumed their full loan payments, resulting in this suit filed in September 2020 [D.E. 1].

4. Defendant Goran Jandgel filed a preemptive bankruptcy before being served, through his attorney Joey Grant, for whom the case was stayed [D.E. 5].

5. IOU had 90 days to serve to serve the Defendants under Fed. R. Civ. P. 4 (m).

6. Brenda Jandjel then evaded service but was finally served on 12/14/20 while the other Defendants were served on 11/11/20 [D.E. 10-13] All Defendants were timely served.

1

7. Joey Grant, bankruptcy counsel for Goran Jandjel appeared for Brenda Jandjel [D.E. 18] and for her, James McCormick, individually and as Trustee [D.E. 7].

8. The Court then conducted a telephonic hearing [D.E. 20] on the reason the Joint Report and disclosures were not filed with a response to the Order [D.E. 17], expressing to the parties they must 'step it up' in terms of litigating the case, also encouraging them to discuss resolution [D.E. 20] IOU's counsel appeared but Mr. Grant did not appear. His partner Gregory Mitchell instead appeared, indicating Mr. Grant was unavailable, who was unclear if James McCormick was bankrupting [D.E. 20]. IOU's counsel did not realize the difference in attorneys until later due to difficultly in hearing Mr. Mitchell during the call.

9. During the hearing, IOU's counsel emailed Joey Grant as follows:

> **From:** pwersant@ioucentral.com <pwersant@ioucentral.com>
> **Sent:** Friday, January 22, 2021 10:08 AM
> **To:** jgrant@marshallgrant.com
> **Cc:** bpierce@ioucentral.com
> **Subject:** IOIU v. Atlantic Bio
>
> Mr. Marshall,
>
> Please let me know when you can speak today.
>
> Sincerely, **Paul Wersant**

10. Joey Grant then called IOU's counsel shortly after the call ended with the Court. He offered no reason for not being present on the call with the Court, who was clearly available.

11. During the call, Grant indicated that (a) he would not discuss settlement (b) was clearly ready to bankrupt James J. McCormick (c) knew the judge (d) would have IOU's counsel sanctioned. He also alluded to McCormick's father being improperly joined to this case, who is actually the Defendant-Trustee, a fact that IOU's counsel is unable to verify as the person listed individually and for the Trustee of the Trust has the same name. The call then ended.

12.      On 1/26/21, IOU's counsel emailed the draft Joint Report to opposing counsel, which cited his call with Mr. Grant, showing settlement was unlikely. Mr. Mitchell asked IOU's counsel to remove his conversation with Mr. Grant from the Report, as did Mr. Grant, who contended that IOU's counsel 'mischaracterized the call' to which IOU's counsel responded, noting the details of the call, but changing the Report as requested, resulting in the current Report [D.E. 24]. Precise copies of the correspondence and the original draft are attached as **Exhibit 1.**

13.      Per L.R. 16.2 (d), mediation is mandatory unless withdrawn by the Court, by application of a party or determination the case is not suitable for mediation. The original draft of the Report may have resulted in withdrawal of this matter from mediation, as these facts indicate the Defendants appearing at mediation have no intention of resolving this case.

14.      There also remains the issue of the defense representations made to the Court during the hearing [D.E. 20] on the bankruptcy and other case matters in comparison to their representations made to IOU's counsel just afterwards, including the alleged misjoinder of James McCormick's father as the Trustee of the Trust, another issue not raised at the conference, which also contradicts the representations made in the Answer [D.E. 7].

15.      The parties filed their Report [D.E. 24]. The Court then entered the Scheduling Order, indicating a mediator must be selected and mediation completed by 6/30/21 [D.E. 24, p. 1] during discovery, not afterwards per the Report. The Order shortened the time in the Report to amend pleadings and join parties from 3/30/21 to 3/10/21, barring IOU's ability to conduct discovery before seeking that relief, increasing the discovery deadline from 5/30/21 to 8/10/21. Again, the accurate facts in the original Report may have resulted in a different timeline to amend or join parties to this case.

16. The Court then entered a scheduling report which changed this mediation selection date from 6/30/21 to 2/17/21 [D.E. 26, p. 1].

17. The parties then did not file the mediation information on 2/17/21, resulting in the show cause order [D.E. 29].  That omission occurred as IOU's counsel marked the original mediation date of 6/30/21 as the deadline, who was ordered to appear for a lengthy in-person hearing in a Georgia federal case on the morning of 2/17/21 involving early morning preparation, a one-hour commute each way, additional precautions to follow per COVID-19 and a fire alarm drill at the courthouse, consuming the time of IOU's counsel until around noon.

18. During the 2/17/21 hearing, around 10:00am, defense counsel emailed IOU's counsel about the mediation report, to which IOU's counsel expressed the need to do discovery before mediation, was told to propose a counter deadline, who responded indicating he was in the hearing and would respond by 2:00pm on the mediation report.

19. IOU's counsel also had a pretrial conference set in an Ohio bankruptcy action at 1:30pm that day, which he also had to address, by filing documents in that case on his computer while in the parking lot of the Georgia federal court after that first hearing, prior to the next one.

20. IOU's counsel then returned to his home-based office, where he must work due to COVID 19 issues and conducted the Ohio conference. Immediately after that conference, IOU's counsel was confronted with an issue of contaminated water at his residence due to the recent freezing temperatures, an issue requiring urgent, immediate attention. That matter consumed the remainder of his day, who inadvertently missed an email from defense counsel about mediation around 4:07pm on the issue and did not file the mediation report due this oversight. The Court then issued the Show Cause Order on the next day [D.E. 29].

21.     The parties then conferred about the report on 2/18/21, during which defense counsel proposed mediator Michael Carbo and IOU's counsel proposed another mediator. Neither mediator was available to speak with IOU's counsel by telephone. After further discussions, the parties agreed on a date and time for mediation with Carbo, confirming his rates and minimum scheduled time on 2/19/21, which were not done previously.  IOU's representative confirmed his availability on 2/19/21. Defendants confirmed their availability on Sunday 2/21/21. IOU's counsel prepared and filed the Notice and Order before the deadline [D.E. 30]

22.     This Response to the Order is filed after the deadline [D.E. 29] but before the start of the  business day as IOU's counsel now works in a residential area with many more persons working from home, due to COVID-19, resulting in frequent internet outages, an issue which impacted him after he filed the Notice and Order last night, requiring the current filing.

23.     The parties should not be sanctioned on the mediation report, which was rectified.

24.     However, the issue remains of the representations by defense counsel to the Court at the conference and to IOU's counsel after that conference, including the alleged misjoinder of the father of James J. McCormick's father, a matter not raised in the Answer [D.E. 7]  which IOU cannot now address per recently started discovery and the short time to amend or join parties. That misjoinder matter was only confirmed in correspondence by opposing counsel dated 2/18/21, *after* entry of the Report: See **Exhibit 1**.

25.     Given those issues and the current report, IOU expects to move for a modification of the scheduling order to permit additional time to move to amend or join parties.

26.     IOU respectfully requests discharge of the Show Cause Order which will ensure its deadlines are met going forward.

## **MEMORANDUM**

The Court may sanction dilatory litigants. ***Mingo v. Sugar Cane***, 864 F2d 101 (11th Cir. 1989) However, ***Mingo*** involved a pattern of deliberate delay and refusal to comply with Court directions, justifying sanctions. Such a pattern of delay and intentional failure to comply does not exist here, as shown above, which does not justify sanctions or dismissal of this case. ***Boazman v. Economics***, 537 F2d. 210, 212-214 (5th Cir. 1976) [reversed dismissal of case due solely to plaintiff's alleged failure to respond to motion to dismiss, as facts did not disclose willful indifference to the Court required for this severe sanction and lesser ones were available] IOU's counsel has not willfully ignored the Court and has also truthfully detailed these circumstances to the Court on the mediation issue and the conference.

Accordingly, Plaintiff IOU respectfully requests that the Court discharge the show-cause orders, given these circumstances, for which compliance was made and good cause was shown. ***Sosa v. Airprint***, 133 F.3d 1417-19 (11th Cir. 1998). This relief will not prejudice any party to this action. ***Maixner v. United States***, LEXIS 91983 (M.D. Fla. 2007); ***Pioneer v. Brunswick***, 507 U.S. 395 (1993) [permitted late filing of proof of claim].

## **CONCLUSION**

WHEREFORE, Plaintiff IOU respectfully requests the following relief:

(a)   That the Order be discharged [D.E. 29]; and

(b)   All other just and proper relief.

## **CERTIFICATE OF SERVICE**

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to opposing counsel of record.

Respectfully submitted this 24th day of February 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Florida Bar No. 48815
> Email: pwersant@gmail.com
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Attorney for Plaintiff
> File No. 147246